TAVE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-449-CR

PATRICK LAMAR TAVE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Patrick Lamar Tave appeals his conviction for delivery of one or more, but less than four, grams of cocaine.  We will affirm.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967) by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that arguably might support the appeal.  
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).

Appellant’s counsel presents a discussion of three potential sources of error:  whether defense counsel was ineffective for failing to comply with the trial court’s rules of conduct pertinent to challenges for cause; and whether the trial court erred by denying defense counsel’s requests for jury instructions on the law of parties and accomplice testimony.  Appellant has also filed a pro se brief, in which he challenges the legal and factual sufficiency of the evidence to support his conviction and also complains that the trial court erred by denying the defense’s aforementioned requests for jury instructions.  

In the first potential ground for error, appellate counsel points out that appellant could argue that his trial counsel was ineffective for not complying with the trial court’s rules of conduct governing challenges for cause.  As a result of this noncompliance, the trial court denied defense counsel’s challenges for cause to venire members 38, 47, and 50.  

To establish ineffective assistance of counsel, an appellant must show that his counsel's performance was deficient and that the deficient performance prejudiced the defense.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).  In this case, the record does not contain the identities of venire members 38, 47, and 50; therefore, we cannot determine whether they were seated on the jury or struck peremptorily by the defense.  Thus, even if trial counsel was deficient in failing to follow the court’s rules, there is no evidence that the deficiency prejudiced the defense.  Accordingly, we overrule the first potential ground for error.

In his first and second issues, appellant contends that the evidence is legally and factually insufficient to support his conviction because it does not prove that he delivered at least one gram of cocaine by actual transfer to Ira McDade, as alleged in the indictment.  He asserts that the evidence shows some of the cocaine McDade turned over to police was purchased from another person, Gloria Hill.  An “actual transfer” occurs when the defendant transfers actual possession and control of a controlled substance to another person.  
Thomas v. State,
 832 S.W.2d 47, 51 (Tex. Crim. App. 1992).

The record shows:  In June 2001, Drug Enforcement Administration (DEA) agents gave McDade, a paid informant, $150 to make an undercover drug buy.  McDade went to a place known as the Chicken Shack.  Upon McDade’s arrival, a person identified at trial as Gloria Hill got into his car, and he told her he wanted to buy $50 worth of “rock,” or crack cocaine.  Hill then got out of McDade’s car.  McDade also talked to a second person, appellant, and asked to buy $50 worth of rock.  Appellant pulled out a $50 “rock” and handed it to McDade.  McDade gave appellant $50 and then asked to buy more.  Appellant left for about ten minutes and returned with another $50 rock of cocaine, which McDade also purchased.  McDade then left the Chicken Shack, met the DEA agents at a prearranged location, and turned his purchases and the unspent $50 over to them.  The rocks turned out to be cocaine.  One weighed .95 grams and the other weighed 1.1 grams.  

Despite this evidence, appellant contends that the evidence of actual transfer is legally and factually insufficient because neither the DEA agents nor the Grand Prairie police officers involved in the operation observed whether the drug buys were from Hill or appellant, neither McDade’s nor the police’s videotape
(footnote: 2) shows two transactions between McDade and appellant, and the police videotape merely shows appellant handing something to McDade that the police detective opined “looked like” crack cocaine.  Appellant asserts that the record shows McDade purchased one of the two rocks from Hill
(footnote: 3) rather than from appellant and that the evidence is unclear about whether it was the .95-gram rock or the 1.1-gram rock.  

McDade testified that he “[bought] $50 worth of rock” after talking to Hill in his car, but he did not testify that he bought it from Hill.  Nothing on either videotape shows Hill handing McDade anything or putting anything in his car.  On the videotape that McDade recorded, appellant can be seen and heard saying, “Give me $50 for all that,” and then promising to return in five minutes with more cocaine.
(footnote: 4)  The police videotape shows appellant walking up to McDade and Hill and handing McDade a rock-like white substance, after which McDade gave appellant cash.  Although this videotape shows only one transaction, when it is considered together with McDade’s video, it is clear that the police video is of appellant returning to the Chicken Shack after being gone for several minutes.
(footnote: 5)
 It was the jury’s responsibility, as trier of fact, to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences therefrom.  
See Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979)
.  Regardless of whether any law enforcement officials observed the drug buys, the jury could have reasonably concluded from the whole of McDade’s testimony and the videotapes that he bought both rocks of cocaine from appellant after talking to Hill.  Accordingly, applying the appropriate standards of review, we hold that the evidence is legally and factually sufficient to show that appellant actually transferred at least one gram of cocaine to McDade.  
See id.
; 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001) (both setting out legal sufficiency standard of review); 
Zuniga v. State,
 No. 539-02, 2004 WL 840786, at *7 (Tex. Crim. App. Apr. 21, 2004)
 (setting out factual sufficiency standard of review).
  We overrule appellant’s first and second issues.

In his third and fourth issues, appellant complains that the trial court improperly refused to instruct the jury regarding accomplice witness testimony and on the law of parties.  
Appellate counsel also raises the trial court’s failure to give these instructions as his two remaining potential grounds for error. 

A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed.  
Tex. Code Crim. Proc. Ann.
 art. 38.14 (Vernon 1979).  A person is an accomplice if there is sufficient evidence connecting him to the criminal offense as a blameworthy participant.  
Blake v. State,
 971 S.W.2d 451, 455 (Tex. Crim. App. 1998).  If the evidence shows that the witness is an accomplice witness as a matter of law or raises a fact issue concerning the matter, the jury must be charged on accomplice testimony; but if the evidence clearly shows that the witness is not an accomplice witness, no charge is required.  
Gamez v. State,
 737 S.W.2d 315, 322 (Tex. Crim. App. 1987).  In this case, the evidence clearly shows that McDade’s only connection to the charged offense was as a police informant, not as a blameworthy participant.  Therefore, the trial court did not err by refusing to instruct the jury concerning accomplice witness testimony.
(footnote: 6)
 No charge relating to the law of parties is required if the defendant’s conduct, standing alone, is sufficient to sustain a conviction.  
See McCuin v. State,
 505 S.W.2d 827, 830 (Tex. Crim. App. 1974).  Here, appellant’s conduct, standing alone, is sufficient to sustain his conviction.  
See
 
Tex. Health & Safety Code Ann.
 § 481.112(a), (c) (Vernon 2003).  Further, the recipient of a drug, such as McDade, does not aid the seller’s “delivering act” and thus cannot be a party to the offense of delivery of a controlled substance.  
Rodriguez v. State,
 104 S.W.3d 87, 92 (Tex. Crim. App. 2003).  Accordingly, the trial court did not err by refusing to charge the jury on the law of parties.  We overrule appellant’s remaining issues and appellate counsel’s remaining potential grounds for error.

Once an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are also obligated to undertake an independent examination of the record and to essentially rebrief the case for appellant to see if there is any arguable ground that may be raised on his behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

In addition to the matters we have already addressed, our independent review of the record shows that there is no error that arguably might support an appeal or require reversal.  There are no jurisdictional errors.  The information conferred jurisdiction on the trial court and provided appellant with sufficient notice to prepare a defense.  
See
 Tex. Const. 
art. V, § 12; 
Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon Supp.
 2004); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).  The trial court properly charged the jury on the charged offense and the applicable range of punishment, and the punishment assessed is within the statutory range.  
See
 
Tex. Health & Safety Code Ann.
 § 481.112(a), (c); 
Tex. Penal Code Ann.
 § 12.32 (Vernon 2003),
 § 12.42(b) (Vernon Supp. 2004).  Therefore, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: May 27, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.

2:
McDade was wired with video and audiotape equipment when he made the buys.  Also, Detective Jeff Askin of the Grand Prairie Police Department videotaped one of the transactions between McDade and appellant from an unmarked van across the street from the Chicken Shack.  

3:
Hill was also arrested for distribution of cocaine as a result of the June 2001 transaction.  

4:
Contrary to appellant’s assertion, defense counsel’s hearsay objection only concerned conversations between unidentified parties that could be heard on the audio portion of the tape, but not seen on the video.  The trial court instructed the jury to disregard those conversations.  Defense counsel also agreed to the prosecutor’s offer to mute the tape “until the defendant comes back on camera.”  Appellant’s complaint that McDade’s videotape is unreliable is waived because it was not raised at trial.  
See
 
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).

5:
Appellant also claims there is an inconsistency between McDade’s testimony that appellant did not go inside “the building” to obtain the second “rock” and the videotape, which shows that appellant entered the Chicken Shack and came out with a Gatorade that he had not previously possessed.  Nothing on either videotape, however, shows appellant entering or emerging from the Chicken Shack between transactions.  

6:
Appellant did not request an instruction that corroboration of McDade’s testimony was required because he was acting covertly on behalf of a law enforcement agency, nor does he contend on appeal that he was entitled to such an instruction.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 38.141(a) (Vernon Supp. 2004).  Based upon our independent review of the record as required in 
Anders
 cases, we hold that, even if appellant was entitled to such an instruction, he was not egregiously harmed by the trial court’s failure to give it.  Both videotapes corroborated McDade’s testimony by tending to connect appellant to the charged offense.  
See 
Almanza v. State
, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g)
 (holding that conviction should not be reversed based upon uncontested charge error absent egregious harm to appellant).